UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN CUFFIE,

        Petitioner,

  v.

RANDALL HEPP,[1]

        Respondent.

Case No. 22-cv-1140-pp

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1)
AND DISMISSING CASE**

---

On September 29, 2022, the petitioner, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2000 conviction in Milwaukee County for first degree intentional homicide. Dkt. No. 1. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the face of the petition that the petitioner is not entitled to relief, the court will dismiss the petition.

**I.    Background**

The petition refers to State v. Cuffie, Milwaukee County Circuit Court Case No. 2000CF001750 (available at https://wcca.wicourts.gov). The court

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state court judgment, the petitioner must name as respondent the state officer who has custody." The petitioner is incarcerated at Waupun Correctional Institution. See https://appsdoc.wi.gov/lop/home/do. This order reflects Warden Randall Hepp as the respondent.

1

has reviewed the publicly available docket for that case, which indicates that on April 7, 2000, the State filed a criminal complaint against the petitioner. Id. On November 8, 2000, a jury found the petitioner guilty of first-degree intentional homicide. Id. On December 7, 2000, the state court sentenced the petitioner to a term of life in prison. Id. The court entered judgment on December 7, 2000. Id. On November 13, 2002, the Wisconsin Court of Appeals dismissed the appeal. Id. The docket further indicates that on July 31, 2019, the petitioner filed a *pro se* request to vacate his sentence. Id. The state court denied the request to vacate on August 6, 2019. Id.

## II.     Rule 4 Screening

### A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition raises four grounds for relief: (1) the petitioner was falsely charged with first-degree homicide; (2) absolute exoneration; (3) a violation of

the petitioner's due process rights; and (4) the petitioner is eligible for sentence review under Wisconsin law. Dkt. No. 1 at 6-9.

        1.    *Whether the claims are cognizable*

Ground One raises a claim that may be cognizable on federal *habeas* review. The petitioner claims that he was falsely charged with first-degree homicide. This sounds like a malicious prosecution claim. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." Savory v. Cannon, 947 F.3d 409, 414 (7th Cir. 2020) (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)). The petitioner cannot allege or prove that element, because a jury convicted him of the crime of first-degree homicide.

Ground One does not end there, however. The petitioner also argues that the victim was not officially pronounced dead on the scene and allegedly was revived at a hospital. Dkt. No. 1 at 6. The petitioner says that at his trial, the State did not present a death certificate or any certification of death. Id. at 7. The petitioner has not alleged that the State withheld such evidence from him (or from his lawyer), or that his counsel was ineffective for failing to introduce such evidence. The petitioner's allegations amount to a claim that there was not sufficient evidence to convict him, a claim that is cognizable on federal *habeas* review as a due process claim. See Kidd v. Gomez, 2 F.4th 677, 680 (7th Cir. 2021) (reviewing sufficiency of evidence claim on federal *habeas* review); Carrion v. Butler, 835 F.3d 764, 773 (7th Cir. 2016) ("The familiar standards of Jackson v. Virginia, 443 U.S. 307 . . . (1979) makes clear that, to

4

comport with the standards of the Due Process Clause, a criminal conviction must be based on proof beyond a reasonable doubt.").

The petitioner's second ground requesting "absolute exoneration" states facts nearly identical to those raised in the first ground for relief. The petitioner alleges that there was no evidence of an unlawful act or of an actual death. Id. at 7. While the second ground for relief may be duplicative of the first ground for relief, like the first, it raises a due process claim based on the insufficiency of evidence to convict the petitioner.

As to Ground Three, which the petitioner describes as his due process claim, although due process claims generally are cognizable on federal *habeas* review, the petitioner has not alleged any facts to support such a claim. Id. at 8-9. The petitioner alleges a conspiracy by the criminal justice system, which he asserts resulted in his false imprisonment. Id. at 8. He argues that he was not legitimately or legally processed into the system, was not allowed a phone call, was told he did not need a guardianship and was waived into adult court. Id. He says that he was not provided an official booking number, incident number or arrest warrant number. Id. These allegations are too vague to support a finding of a constitutional violation. But as the court will explain, even if the petitioner had stated a claim for a due process violation, it appears that he has failed to exhaust that claim.

The petitioner argues that his rights were violated when he was tried as an adult instead of a juvenile. Id. at 7. The petitioner failed to raise this argument as a separate ground for relief but even if he had, the court would

5

dismiss the claim. While the petitioner asserts that he was a juvenile, the state court docket indicates that the defendant was born on March 2, 1981, meaning that he was nineteen years old at the time the State filed the criminal complaint on April 7, 2000. Cuffie, Case No. 2000CF001750. The court has not located any case in this circuit or other circuits recognizing a constitutional right to be tried as a juvenile. See, *e.g.*, United States v. Lopez, 860 F.3d 201, 210 n.2 (4th Cir. 2017) (citing United States v. Juvenile, 228 F.3d 987, 990 (9th Cir. 2000) ("There is no constitutional right to be tried as a juvenile.")).

Ground Four is the petitioner's claim that he is eligible for release under Wis. Stat. §973.014. Id. at 9. Under Wisconsin law, when a court sentences a person to life imprisonment for a crime committed on or after December 31, 1999[2] (other than for a violation of Wis. State. §939.62(2m)(c)), the court shall make an extended supervised eligibility date determination and choose one of the following options:

> 1. The person is eligible for release to extended supervision after serving 20 years.
>
> 2. The person is eligible for release to extended supervision on a date set by the court. Under this subdivision, the court may set any later date than provided in subd. 1, but may not set a date that occurs before the earliest possible date under subd. 1.
>
> 3. The person is not eligible for release to extended supervision.

Wis. Stat. §973.014(1g).

---

[2] The publicly available docket indicates that the offense took place on March 31, 2000. See Cuffie, Milwaukee County Case No. 2000CF001750.

The petitioner contends that while he commenced this *habeas* case "to obtain a closer investigative probe" of his alleged false imprisonment, in the alternative he is seeking release under this sentencing provision. Id. at 9. The docket in the petitioner's case indicates that he was sentenced to a term of life in prison but does not indicate which of the three options under Wis. Stat. §973.014(a)(1g)(a) the circuit court chose. See Cuffie, Milwaukee County Case No. 2000CF001750. That said, the petitioner's allegations fail to state a claim cognizable on federal *habeas* review because he has not alleged that the state court violated his constitutional rights by imposing the sentence or that his rights have been violated by the State's refusal to release him.

2. *Exhaustion and procedural default*

The court has concerns as to whether the petitioner has exhausted any of his claims. In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress imposed limitations on a federal court's ability to grant *habeas corpus* relief. 28 U.S.C. §§2241-2256. One such limitation is the exhaustion requirement in 28 U.S.C. §2254(b). This part of the statute forbids a district court from granting *habeas* relief unless the petitioner has fairly presented the state courts with one full opportunity to resolve the petitioner's constitutional issues. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing Boerckel, 526 U.S. at 845). A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any

7

available procedure, the question presented." 28 U.S.C. §2254(c). The only exception to the exhaustion requirement is when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§2254(b)(1)(B)(i)-(ii).

The petitioner concedes in the petition, "I have not as yet exhausted my state remedies for this legal action." Dkt. No. 1 at 9. He states that because he has only recently "served a total amount of 20 years and plus!," he is "lawfully eligible for a sentence review, under the Truth of Sentencing Act §973.014, requesting pardon." Id. The petitioner confuses exhaustion of remedies with eligibility for parole or pardon. If he believed that the sentencing court failed to comply with the statute's requirement that it make a parole eligibility determination (Wis. Stat. §973.014(1)), or that the court made the wrong determination (if it made one), he was required to raise that issue in his direct appeal and, if he lost that appeal, to petition the Wisconsin Supreme Court for review. He appears to admit he did not do either. Even if the petitioner did raise this issue with the sentencing court and in his appeal, the public docket shows that he did not petition the Wisconsin Supreme Court for review. Cuffie, Case No. 2000CF001750; State v. Cuffie, Appeal No. 2002AP000291-CRNM, available at https://wscca.wicourts.gov.

As to Grounds One, Two and Three, it is not clear whether the petitioner raised these claims in his direct state appeal or his motion to vacate his sentence. Under the section asking the petitioner to list the grounds raised in

8

his direct state appeal of conviction, the petition states that "[a] question of no-merit report was approached because of the illegal activity in the Criminal Justice System. Where my Case No: 00CF001750, Booking number, charge of criminal offense were all fraudulent . . ." Id. at 3. In the sections asking the petitioner whether he exhausted his state remedies for Grounds One, Two and Three, the petitioner alleged "[e]xtraordinary circumstances," asserting that he feels there was an illegal group that conspired to have him falsely charged and imprisoned; he also believes this group may have assassinated his lawyers. Id. at 7-9. The court cannot determine from these answers whether the petitioner raised the issues in Grounds One, Two and Three in his direct appeal or in his motion to vacate his sentence.

Even if the petitioner had raised these claims in his direct appeal or his more recent request to vacate, however, he has procedurally defaulted on the claims. Under Wis. Stat. §808.10(1), a decision of the Wisconsin Court of Appeals is reviewable by the Wisconsin Supreme Court only upon a petition for review granted by the Wisconsin Supreme Court, and the petition must be filed within thirty days of the date of the decision of the Wisconsin Court of Appeals. The court of appeals affirmed the petitioner's conviction on November 13, 2002. Cuffie, Milwaukee County Circuit Court Case No. 2000CF001750; Cuffie, Appeal No. 2002AP000291-CRNM. At that point, the petitioner had an unexhausted and available state-court remedy—to petition the Wisconsin Supreme Court for review. The petitioner marked the box in Section II(B) of the petition indicating that he did *not* seek review by the highest state court. Dkt.

9

Case 2:22-cv-01140-PP    Filed 02/28/23    Page 9 of 14    Document 5

No. 1 at 3. Once the deadline passed to file a petition for review in the Wisconsin Supreme Court, seeking review in the Wisconsin Supreme Court no longer was an available remedy to the petitioner. As the United States Supreme Court explained in Woodford v. Ngo, however, the remedy technically was exhausted because it was unavailable, "regardless of the reasons for [its] unavailability." 548 U.S. 81, 92-93 (2006).

Similarly, the publicly available docket shows that the petitioner never appealed the circuit court's denial of his request to vacate his sentence. Under Wis. Stat. §809.30(2j), a party must file a notice of appeal of a circuit court's order on a post-conviction motion within twenty days from the entry of the order. By failing to appeal the circuit court's denial, the petitioner failed to exhaust his state remedies. Again, however, once the deadline to file the notice of appeal expired, the petitioner technically exhausted this remedy as the option to appeal was no longer available.

Even if a petitioner has met the statutory requirement that he exhaust his state-court remedies, however,

> "[a] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] at 732 [1991]. [Courts] therefore require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim. *Id.*, at 750 . . . . The one exception to that rule . . . is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that [the court's] failure to review his federal claim will result in a fundamental miscarriage of justice. *Ibid.*

Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." King v. Pfister, 834 F.3d 808, 815-16 (7th Cir. 2016) (quoting Lewis v. Sternes, 390 F.2d 1019, 1025 (7th Cir. 2004)); see also O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). "Fair presentment requires assertion of a federal claim through 'one complete round of state-court review,' which means that 'the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.'" King, 834 F.3d at 815 (quoting Lewis, 390 F.3d at 1025-26).

Where a petitioner has not fairly presented his claims to the state courts, the federal court considers the claims procedurally defaulted and does not address their merits. Hicks, 871 F.3d at 531 (citing Lombardo v. United States, 860 F.3d 547, 555 (7th Cir. 2017)). Again, if a petitioner procedurally defaulted on a claim, a federal *habeas* court generally cannot review that claim. Ngo, 548 U.S. at 93 (citing Gray, 518 U.S. at 162; Coleman, 501 U.S. at 744-51). A procedural default bars a federal court from granting *habeas* relief unless a petitioner demonstrates cause for the default and resulting prejudice, or that a miscarriage of justice would result if the court did not address his claim on the merits. Perruquet, 390 F.3d at 514.

The petitioner procedurally defaulted any of the claims he raised in his direct state appeal because he did not file a petition for review in the Wisconsin Supreme Court. That means the petitioner has not raised whatever issues he

11

raised in his appeal at every level in the state court system. The petitioner has not demonstrated cause for failing to petition the Wisconsin Supreme Court for review, nor has he demonstrated that he has suffered prejudice or that a miscarriage of justice would result if the court did not address the claim on the merits. Similarly, the petitioner has procedurally defaulted any claims brought in his request to vacate the judgment because the publicly available docket shows that he never appealed the circuit court's denial of his motion to the court of appeals.

Because the petitioner has procedurally defaulted any claims brought in his direct appeal or his request to vacate his sentence, the court must dismiss such claims. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991) (explaining that a district court judge cannot consider the merits of the petitioner's *habeas* argument "unless the state courts have had a full and fair opportunity to review them."). If the petitioner exhausts his state remedies on these claims in the future, the petitioner may file a second *habeas* petition. He should be aware, however, that the *habeas* statute generally prohibits second or successive §2254 *habeas* petitions that raise claims presented in prior *habeas* petitions 28 U.S.C. §2244(b)(1). This federal *district* court does not have the authority to give someone permission to file a second or successive *habeas* petition. Only the Seventh Circuit Court of Appeals has that authority. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

consider the application."). The petitioner would be required to file a motion in the Seventh Circuit of Appeals for an order authorizing him to file a second petition to allow this court to consider his claims.[3]

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would debate (or for that matter, agree that) the petition should have been resolve in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because it believes that reasonable jurists could not debate that the petitioner is not entitled to relief under 28 U.S.C. §2254.

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus*. Dkt. No. 1.

---

[3] The petitioner also should be aware that under 28 U.S.C. §2244(d)(1), there is a one-year deadline by which to file a federal *habeas* petition. The one year starts from the date the judgment becomes final by conclusion of direct review or the expiration of the time for seeking such review. The time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year period. 28 U.S.C. §2244(d)(2). The petitioner is challenging a conviction that appears to have become final over twenty-two years ago.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability

Dated in Milwaukee, Wisconsin this 28th day of February, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
